IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| George Holmes, | ) | Civil Action No.: 2:11-1494-SB-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION OF** |
| | ) | **MAGISTRATE JUDGE** |
| Officer M. Thomas, | ) | |
| Defendant. | ) | |

The Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to Title 42, United States Code, Section 1983. This matter is before the Court on the Plaintiff's Motion for a Temporary Restraining Order. (Dkt. # 5) The Defendant has filed a Response in Opposition. (Dkt. # 17.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

Rule 65 of the Federal Rules of Civil Procedure governs the issuance of both Preliminary Injunctions and TROs. Pursuant to Rule 65, "a temporary restraining order may be granted . . . only if it clearly appears from specific facts shown . . . that immediate and irreparable injury, loss, or damage will result to the applicant." Further, in considering whether to issue a preliminary injunction under Rule 65(b), the Court must consider four factors: (1) the likelihood of irreparable harm to the plaintiff if the Court denies the

preliminary injunction; (2) the likelihood of harm to the defendants if the injunction is granted; (3) the likelihood that the plaintiff will succeed on the merits of this underlying claim; and (4) the public interest. *Smith v. Ozmint*, 444 F. Supp.2d 502, 504 (D.S.C. 2006). A plaintiff does not have an automatic right to a preliminary injunction, and such relief should be used sparingly. The primary purpose of injunctive relief is to preserve the status quo pending a resolution on the merits. Injunctive relief which changes the status quo pending trial is limited to cases where "the exigencies of the situation demand such relief." *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir.1980).

Additionally, functions of prison management must be left to the broad discretion of prison administrators to enable them to manage prisons safely and effectively. *Gaston v. Taylor*, 946 F.2d 340, 343 (4th Cir. 1991). Courts should grant preliminary injunctive relief involving the management of prisons only under exceptional and compelling circumstances. *Taylor v. Freeman,* 34 F.3d 266, 269 (4th Cir. 1994). Without a showing that plaintiff will suffer imminent, irreparable harm, the court cannot grant interlocutory injunctive relief. *Rum Creek Coal Sales, Inc. v. Caperton*, 926 F.2d 353, 360 (4th Cir. 1991). The plaintiff must show that the irreparable harm he faces in the absence of relief is "neither remote nor speculative, but actual and imminent."  *Direx Israel, Ltd. v. Breakthrough Medical Group*, 952 F.2d 802, 812 (4th Cir.1991) (citation omitted).

In his motion, the Plaintiff's states that he is afraid of the Defendant and he wants the Defendant kept away from him.  (Dkt. # 5.)  The Plaintiff has not shown that irreparable harm is likely to occur if his motion is denied.  There is no evidence in the record that the Plaintiff will suffer irreparable harm. Nor has plaintiff established a likelihood that he will eventually succeed on the merits or that the public interest lies with granting the relief.

Therefore, the Plaintiff has failed to establish the elements necessary to demonstrate the need for a preliminary injunction.

Additionally, the undersigned notes that a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to the conditions of his confinement. *Incumaa v. Ozmint*, 507 F.3d 281, 286-87 (4th Cir. 2007). The Plaintiff's motion now appears to be moot as the Plaintiff was recently transferred to Lee Correctional Institution. (*See* www.sword.doc.state.sc.us/scdc-public (last visited Sept. 7, 2011)).[1]

Wherefore, based on the foregoing, it is RECOMMENDED that the Plaintiff's Motion for a Temporary Restraining Order (Dkt. # 5) be DENIED.

IT IS SO RECOMMENDED.


s/Bruce Howe Hendricks
United States Magistrate Judge

September 7, 2011
Charleston, South Carolina

**The Plaintiff's attention is directed to the important notice on the next page.**

---

[1] The Court may take judicial notice of factual information located in postings on government websites. *See McCormick v. Wright*, 2010 WL 565303 at *2 (D.S.C. Feb. 17, 2010)(unpublished opinion).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).